**Huizi PIAO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–72624.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 12, 2005.

Joseph S. Porta, Law Offices of Cohen & Kim, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Janice K. Redfern, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, W. FLETCHER, and FISHER, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM**

Huizi Piao, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an Immigration Judge's ("IJ") denial of her applications for asylum and withholding of removal and for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and may reverse only if the evidence compels a contrary conclusion. *Rostomian v. INS*, 210 F.3d 1088, 1089 (9th Cir. 2000). We deny the petition.

 Substantial evidence supports the IJ's decision that petitioner failed to establish past persecution or a well-founded fear of future persecution based on the one-child policy or her Falun Gong practice. Because she did not want another child, and testified that she wanted the IUD removed because it was causing health problems, petitioner's asylum claim fails with regard to political persecution. *See* 8 U.S.C. § 1101(a)(42); *cf. Li v. Ashcroft*, 356 F.3d 1153, 1157, 1160–1161 (9th Cir.2004) (interpreting "other resistance to a coercive population control program" under 8 U.S.C. § 1101(a)(42) to require resistance to the population policy). Because petitioner's detention based on her Falun Gong activity did not rise to the level of persecution, her asylum claim fails on this basis also. *See Al–Saher v. INS*, 268 F.3d 1143, 1145–46 (9th Cir.2001) (holding that detention where alien was not physically harmed did not compel the conclusion that alien suffered past persecution).

Because petitioner failed to demonstrate that she is eligible for asylum, it follows that she did not satisfy the more stringent standard for withholding of removal. *See Singh–Kaur v. INS*, 183 F.3d 1147, 1149 (9th Cir.1999).

 Petitioner also fails to establish a CAT claim because she did not show that it was more likely than not that she would be tortured if she was returned to China. *See Kamalthas v. INS*, 251 F.3d 1279, 1283 (9th Cir.2001).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

